**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT WAYNE MAURER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2199 PLC |
| ) | |
| WILLIAM BELCHER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Based upon this review, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

On November 16, 2017, the Court issued an order allowing plaintiff to amend his complaint to add as defendants the following officers from the St. Louis County Police Department: Unknown Faasen, Unknown Reynolds, Unknown Merritt, Unknown Berry, and Unknown Avery. Plaintiff did not state in his motion to amend what claims he wished to pursue against any of the proposed defendants. The Court cautioned plaintiff that the signed amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, the Court stated that in the "Statement of Claim" section of the Court-provided form for a prisoner civil rights action, plaintiff "must include each and every claim he wishes to bring against each and every defendant in this action." *See* ECF No. 10 at 3. In compliance with Rule 8, the Court instructed plaintiff that the complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

On November 30, 2017, plaintiff filed his amended complaint. On December 6, 2017 he filed a supplement to his amended complaint.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983 and various state laws. He states that on January 11, 2016, he was "taken against his will and handcuffed [and] [roughed] up by St. Louis County Police officers and detectives" without a warrant. He states he asked for an attorney, but was denied this constitutional right.

Named as defendants are St. Louis County Police Officers William Belcher, Detective Unknown Fasson, Jason Bockoff, and Detective Unknown McGee. Although not listed in the

2

caption of the complaint, in his statement of claim, plaintiff states he also wants to name as defendants: St. Louis County Police Officers Unknown Reynolds, Unknown Merritt, Unknown Berry, and Unknown Avery; Prosecuting Attorney Michael K. Hayes; the St. Louis County Courts; the Missouri Department of Corrections; Kristen Michelle Trogler; Jefferson County Social Services Agent Elizabeth Porrin Hathaway; and the St. Louis County Public Defender's Office. For damages, plaintiff seeks $30 million, and seeks to have the police officers removed from their jobs.

## Discussion

Plaintiff's amended complaint will be dismissed on initial review under § 1915(e)(2) because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief. "Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Based upon a review of Missouri's state court docketing system on Missouri Case.net, plaintiff has listed as defendants what appears to be most individuals involved in his state court criminal action, *State v. Robert Maurer*, No. 16SL-CR00167-01 (St. Louis County Circuit Court). On August 31, 2017, a jury in St. Louis County Circuit Court found plaintiff guilty of statutory sodomy first degree and failure to register as a sex offender. *Id.* On October 12, 2017, plaintiff was sentenced to life without the possibility of parole. Plaintiff's claim that he was "taken against his will and handcuffed and [roughed] up" by unnamed police officers and "deprived of his constitutional rights" are wholly conclusory as to the defendants, and do not meet the standard for which relief could be granted.

3

Additionally, plaintiff's § 1983 claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages for alleged constitutional violations, a plaintiff must establish that the conviction or sentence has been reversed, expunged by executive order, declared invalid by the state, or called into question by a federal court's writ of habeas corpus. *Id.* at 486-87. Plaintiff's claims appear to be collateral attacks on his conviction, especially as they relate to defendant Michael K. Hayes, prosecuting attorney; the St. Louis County Courts; and the St. Louis County Public Defender's Office.[1] Plaintiff has not alleged that his conviction has been reversed, expunged, invalidated, or called into question. A review of his state criminal file indicates that plaintiff filed a notice of appeal of his criminal conviction on October 20, 2017, which remains pending in Missouri state court. As such, plaintiff's claims brought under § 1983 are barred under *Heck v. Humphrey*. *Id.* For this additional reason, the Court will dismissal plaintiff's claims under § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of February, 2018.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds plaintiff's claims subject to dismissal under § 1915(e), it will not address the issue of whether these entities are subject to suit under § 1983.

4